**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**DAVID WHITE**,

Plaintiff,

v.

**SUSANA DIETRICH**; **MARY LOU SOSCIA**, *in her personal capacity as President of Water Watch Oregon*; **BRYAN SOHLIN**, *in his personal capacity as Vice President of Water Watch Oregon*; **NEIL BRANDT**, *in his personal capacity as Executive Director of Water Watch Oregon*; and **MELANIE KLYM**, *River Design Group*,

Defendants.

Case No. 1:24-cv-01395-IM

**OPINION AND ORDER GRANTING PLAINTIFF'S IFP APPLICATION, DISMISSING THE COMPLAINT, AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

David White, 18965 NW Illahe St, Portland, OR 97229. Pro Se.

**IMMERGUT, District Judge.**

This matter is before this Court on Plaintiff David White's Application to Proceed In Forma Pauperis, ECF 2, and Motion for a Preliminary Injunction and Temporary Restraining

Order, ECF 3. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, this Court grants Plaintiff's request to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). For the reasons below, however, this Court dismisses Plaintiff's Complaint without prejudice. *See* 28 U.S.C. § 1915(e)(2). Plaintiff may refile a signed complaint on or before September 16, 2024. Plaintiff is advised that any amended complaint should comply with the standards identified below. This Court also denies Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order as he has failed to establish standing and irreparable harm. Plaintiff may refile this motion, if appropriate, but not before filing any amended complaint.

**LEGAL STANDARDS**

A complaint filed IFP may be dismissed at any time, including before service of process, if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (explaining that sua sponte dismissals under § 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc) (noting that § 1915(e) applies to all IFP complaints, not just those filed by prisoners). A complaint is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325; *Ozim v. City & County of San Francisco*, No. 21-15099, 2021 WL 5412457, at *1 (9th Cir. Nov. 19, 2021). A complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that a defendant violated a plaintiff's rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 556–57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts, however, must construe pro se filings liberally. *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980 (9th Cir. 2022). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Simmons v. United States*, 142 S. Ct. 23, 25 (2021) (Sotomayor, J., statement respecting denial of certiorari) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).

**BACKGROUND**

Plaintiff filed the Complaint on August 23, 2024. Complaint ("Compl."), ECF 1. Plaintiff brings this action under 18 U.S.C. § 3; 18 U.S.C. § 1001; 18 U.S.C. § 1621, the Endangered Species Act ("ESA"); 18 U.S.C. § 41; 29 CFR § 1606.8 (1), the Clean Water Act; 28 U.S.C. § 4101; and 33 CFR Part 329. *Id.* at 3–4. Plaintiff did not sign his complaint. ECF 1. Plaintiff names as Defendants the following individuals: (1) Susana Dietrich, the apparent owner of Dietrich Construction; (2) Mary Lou Soscia, the alleged President of Water Watch of Oregon; (3) Bryan Sohlin, the alleged President of Water Watch of Oregon; (4) Neil Brandt, the alleged Executive Director of Water Watch of Oregon; and (5) Melanie Klym of River Design Group. *Id.* at 1–2. Plaintiff alleges a class action, where class action members are "local stakeholders" whose identities will be withheld until trial. *Id.* at 2. The lawsuit concerns the alleged future removal of the Pomeroy Dam on the Illinois River. *Id.* at 4, 25. In his IFP application, Plaintiff states that he is retired and earns only $78 per month. ECF 2 at 1.

## DISCUSSION

### A. Sua Sponte Dismissal

As detailed below, this Court finds that it is appropriate to dismiss Plaintiff's Complaint sua sponte and permit him leave to amend. Plaintiff is advised that an amended complaint supersedes the preceding complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the court treats all preceding complaints as nonexistent. *Id.* Because this Court grants Plaintiff leave to amend all of his claims raised here, except those grounded in criminal law, any claim raised in a preceding complaint is waived if it is not raised again in the amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

#### 1. Jurisdiction

Before screening Plaintiff's Complaint pursuant to § 1915(e)(2)(B), this Court first addresses whether it has jurisdiction over this action.

##### a. Original Jurisdiction

Federal courts are courts of limited jurisdiction and are not empowered to hear every dispute presented by litigants. *See A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). A federal district court is empowered to hear only those cases that are within the judicial power conferred by the United States Constitution and those that fall within the area of jurisdiction granted by Congress. *See United States v. Ceja-Prado*, 333 F.3d 1046, 1049–50 (9th Cir. 2003). Original jurisdiction must be based either on a claim arising under the Constitution, laws, or treaties of the United States or on diversity of citizenship for controversies involving more than $75,000. 28 U.S.C. §§ 1331, 1332.

Here, Plaintiff brings claims under 18 U.S.C. §§ 3, 1001, and 1621. Though these are federal statutes, they do not confer jurisdiction here because they do not provide a private right of action. The first, 18 U.S.C. § 3, is a criminal statute for accessory after the fact to a federal

offense and does not create a private right of action.[1] The second, 18 U.S.C. § 1001, is a criminal statute that punishes fraudulent statements within the executive, legislative, or judicial branches, and does not create a private right of action.[2] The third, 18 U.S.C. § 1621, is the criminal statute for perjury and does not create a private right of action.[3] Any claims brought by Plaintiff under these statutes are dismissed. If Plaintiff includes these claims in an amended complaint, this Court will dismiss them with prejudice.

**b. Subject Matter Jurisdiction**

Standing is an aspect of subject matter jurisdiction and is necessary "no matter how important the issue." *Fleck & Assocs., Inc. v. City of Phoenix*, 471 F.3d 1100, 1107 (9th Cir. 2006). Courts have "both the power and the duty" to raise the adequacy of standing sua sponte. *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002).

Plaintiff seeks damages and declaratory and injunctive relief. Compl., ECF 1 at 1. Plaintiff must have standing for each type of relief sought. *Summers v. Earth Island Inst.*, 555

---

[1] *Giblin v. Bloomfield*, No. C19-5480 BHS-TLF, 2020 WL 4808654, at *2 (W.D. Wash. July 15, 2020), *report and recommendation adopted*, 2020 WL 4785547 (W.D. Wash. Aug. 18, 2020); *Birdwell v. Larsen*, No. 05-1956-KI, 2006 WL 975911, at *5 (D. Or. Apr. 6, 2006); *Steinman v. I.R.S.*, No. CIV 95-1889 PHX EHC, 1996 WL 512333, at *5 (D. Ariz. June 5, 1996).

[2] *Swanson v. Danielson*, No. 6:23-CV-00754-MK, 2023 WL 4474629, at *1 (D. Or. May 25, 2023) ("Because the statute does not confer a private right of action, Plaintiff has not stated any claim under 18 U.S.C. § 1001."), *report and recommendation adopted*, No. 6:23-CV-00754-MK, 2023 WL 4461760 (D. Or. July 11, 2023); *Dowdell v. Sacramento Hous. & Redevelopment Agency*, No. 2:11-CV-00409 JAM, 2011 WL 837046, at *2 (E.D. Cal. Mar. 8, 2011) ("[M]yriad other courts throughout the nation have persuasively concluded that Section 1001 does not provide an express or implied right of action."); *Hazzard v. Schaaf*, No. 22-CV-02921-JSW, 2022 WL 5101769, at *2 (N.D. Cal. Oct. 4, 2022).

[3] *Kandell v. SUR 702*, No. 223CV00248APGEJY, 2023 WL 3020333, at *2 (D. Nev. Apr. 20, 2023), *report and recommendation adopted*, No. 223CV00248APGEJY, 2023 WL 4174624 (D. Nev. June 23, 2023); *Li Qin v. Brown*, No. 19-CV-00311-SVK, 2019 WL 11343485, at *7 (N.D. Cal. Feb. 7, 2019); *Chipman v. Nelson*, No. 2:11-CV-2770-TLN-EFB, 2014 WL 4635117, at *9 n.7 (E.D. Cal. Sept. 10, 2014).

U.S. 488, 493 (2009). "To seek injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Id.* "[A]t least one named plaintiff must satisfy the actual injury requirement to seek relief on behalf of himself or the class." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1002 n.7 (9th Cir. 2006) (emphasis omitted) (quoting *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993)).

Plaintiff states that "[s]tanding is inherent or built-in by the class action nature of this case." Compl., ECF 1 at 30. However, in a class action, "at least one *named* plaintiff must have standing." *I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1046 (N.D. Cal. 2022) (emphasis added) (first citing *Frank v. Gaos*, 586 U.S. 485, 493 (2019); then citing *Ollier v. Sweetwater Union High Dist.*, 768 F.3d 843, 865 (9th Cir. 2014)). As the only named plaintiff, Plaintiff himself must have standing. Plaintiff also states that standing is "inherent" due to the alleged federal environmental law allegations. Compl., ECF 1 at 30. This is incorrect. Suing under federal environmental laws does not allow Plaintiff to bypass the standing inquiry.

As to the injury prong, Plaintiff does not allege how the destruction of the dam would injure him. According to the Complaint, Plaintiff resides in Portland, Oregon. Compl., ECF 1 at 1. Plaintiff does not allege, for example, that he regularly visits the Southern Oregon river or that he fishes in it or that he obtains power from the dam. Plaintiff must have a "more specific connection" than caring for the environment. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 567 (1992).

As to the imminence requirement, Plaintiff does not allege the date on which the dam is scheduled to be taken down. It is unclear if the dam removal is scheduled and "imminent," rather than "conjectural or hypothetical." Thus, this Court finds that Plaintiff lacks standing to seek injunctive relief.

**c. Federal Rule of Civil Procedure 4**

Plaintiff served his Complaint on Defendants by email and CM/ECF notification. Compl., ECF 1 at 33–34. As described below, this method of service is insufficient, and this Court therefore lacks jurisdiction over Defendants.

Without proper service under Federal Rule of Civil Procedure 4, a court cannot exercise jurisdiction over a defendant. *Barnett v. Maxwell*, No. 6:22-CV-00312-MK, 2022 WL 2817176, at *1 (D. Or. July 19, 2022); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Federal Rule of Procedure 4(e) authorizes four methods of service on an individual within a United States Judicial District:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under state law, the Oregon Rules of Civil Procedure provide that:

> Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend . . . . Service may be made, subject to the restrictions and requirements of this rule, by the following methods: personal service of true copies of the summons and the complaint upon defendant or an agent of defendant authorized to receive process; substituted service by leaving true copies of the summons and the complaint at a person's dwelling house or usual place of abode; office service by leaving true copies of the summons and the complaint with a person who is apparently in charge of an office; service by mail; or service by publication.

Or. R. Civ. P. 7(D)(1). Alternate service is appropriate "when it appears that service is not possible under any method otherwise specified in these rules or other rule or statute." Or. R. Civ. P. 7(D)(6). One such alternative is service by email. Or. R. Civ. P. 7(D)(6)(b). However, the plaintiff must move the court for alternate service. Or. R. Civ. P. 7(D)(6).

Plaintiff is thus incorrect that service by email and CM/ECF is appropriate at this stage. Compl., ECF 1 at 32–33; *see In re J.P.*, No. 1:24-CV-00648-AA, 2024 WL 1701940, at *1 (D. Or. Apr. 19, 2024) (denying motion for alternate service where petitioner failed to show that "service is not possible save by alternative means."); *Barnett*, 2022 WL 2817176, at *1 (denying plaintiff's motion for alternate service). Plaintiff cites the Oregon Uniform Trial Court Rules 821.10(2) for his proposition that email service is allowed under Oregon law. Compl., ECF 1 at 32–33. This Court is unable to locate this provision and finds no other authority to support Plaintiff's position. Plaintiff must therefore properly serve any amended complaint on Defendants and submit proof of service to the Court.

**2. Federal Rule of Civil Procedure 11**

This Court next determines whether Plaintiff has complied with Rule 11 of the Federal Rules of Civil Procedure, which requires that pleadings be signed. Plaintiff failed to sign the

Complaint. *See* ECF 2. Under Rule 11, courts are required to strike an unsigned pleading. Fed. R. Civ. P. 11(a). Accordingly, the Complaint is stricken.

**3. Screening Pursuant to 28 U.S.C. § 1915(e)(2)**

This Court now turns to the required screening. As noted above, any complaint filed by a plaintiff proceeding IFP is subject to sua sponte dismissal by the court to the extent the complaint contains claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam); *Lopez*, 203 F.3d at 1127 ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

Plaintiff's Complaint fails to state a claim upon which relief may be granted. Plaintiff is not required to make detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 570 ). Facial plausibility demands more than the mere possibility that a defendant committed misconduct *Id.* at 679.

Here, the Complaint contains "introduction" and "argument" sections and makes many legal conclusions throughout, as if it were a legal brief. Courts need not credit legal conclusions that are couched as factual allegations. *Id.* at 678–79. Plaintiff is advised to limit any amended complaint to factual allegations. Further, the Complaint contains emails, photographs, tables, and other exhibits within the body of the Complaint. It is not necessary to attach exhibits to the Complaint or any amended complaint. A complaint must sufficiently state the facts and claims

without reference to exhibits. If Plaintiff chooses to submit an amended complaint and that complaint references any exhibits, those exhibits must be attached at the end of the complaint.

Plaintiff is further advised that an amended complaint needs to specify "which wrongs were committed by which defendants." *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Plaintiff must link the factual allegations to specific defendants. Plaintiff must allege in any amended complaint how each defendant is responsible for the allegedly wrongful permits, destruction of the dam, or any other wrong. As it currently stands, this Court is unable to determine whether Plaintiff has sued the correct defendants, as opposed to the government entities or actors involved in the dam removal approval process and dam removal process.

**B. Motion for Preliminary Injunction and Temporary Restraining Order**

Plaintiff also moved for a preliminary injunction and temporary restraining order ("TRO"), ECF 3. Plaintiff's TRO request fails for the reasons described in the subject matter jurisdiction section above. Namely, Plaintiff's TRO request fails to establish standing and irreparable harm to Plaintiff or to any purported class member.

A plaintiff seeking a preliminary injunction must establish: (1) a likelihood of succeed on the merits; (2) a likelihood that plaintiff will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995); *see also Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (standards for issuing a TRO are "substantially identical" to those for issuing a preliminary injunction). To meet the "irreparable harm" requirement, Plaintiff must

do more than simply allege imminent harm; he must demonstrate it. *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1998).

To the extent Plaintiff seeks a TRO without notice upon an adverse party, he cannot yet proceed with such an extraordinary request, for his submission fails to set out "specific facts in an affidavit or a verified complaint [which] clearly show that immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) ("[I]njunctive relief is 'to be used sparingly, and only in a clear and plain case.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 378 (1976)). As described above, notice by email and CM/ECF is insufficient. Plaintiff is advised that he must immediately serve any future motion for injunctive relief on all defendants and provide proof of service to the Court.

## CONCLUSION

Plaintiff's Application for Leave to Proceed In Forma Pauperis, ECF 2, is GRANTED. Plaintiff's Complaint, ECF 1, is DISMISSED without prejudice. Plaintiff is GRANTED leave to amend his complaint; if Plaintiff chooses to amend his Complaint, he must do so by September 16, 2024. Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order, ECF 3, is DENIED; if Plaintiff finds it appropriate to refile this motion, he may do so, but not before filing an amended complaint.

**IT IS SO ORDERED.**

DATED this 26th day of August, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge