FILED 23 AUG '24 8:55 USDC-ORP

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## MEDFORD DIVISION

**Case 1:24-CV-1395-IM**

**David White, Pro Se P1**
18965 NW Illahe St,              CLASS ACTION COMPLAINT
**Portland OR.**                 $1 million
dave@salmonprotectiondevice.com
503-608-7611

Tom Doud Plaintiff Pro Se P2
4254 Chevy Chase Dr, La Cañada
Flintridge, CA, USA 97011
213-248-7832
tdoud4@gmail.com                 CONFIRM ECF5

**vs.**
**Defendant 1. (D1)**
**Susana Dietrich**
**601 Jackpine Dr,**
**Grants Pass, OR 97526**
**2140 Bobcat Ave SW**
**Albany, OR 97321-4872**
**mitt@dietrichconst.com**
**541-974-3251**

**Defendant 2. (D2)**
**Mary Lou Soscia in her**
**Personal capacity as President of**
**Water Watch of Oregon**

**Defendant 3 (D3)**
**Bryan Sohlin in his Personal capacity as Vice**
**President of Water Watch of Oregon**

**Defendant 4 (D4)**
**Neil Brandt in his personal capacity as**

**Executive Director of**
**Water Watch of Oregon**
**503-295-4039x 101**
neil@waterwatch.org

Melanie Klym (D5)
River Design Group
311 SW Jefferson Avenue
Corvallis, Oregon 97333
Phone: 541.738.2920
info@riverdesigngroup.com

Legal Counsel for Water Watch defendants
Kaitlin Lovell
Attorney-Advisor
213 SW Ash St., Suite 208
Portland, OR 97204
213 SW Ash St., Suite 208
Portland, OR 97204
(503) 295-4039
info@waterwatch.org

Janette Brimmer
jbrimmer@earthjustice.org
Molly Tack-Hooper
mtackhooper@earthjustice.org

Plaintiff thanks the court for ECF 5, OPINION AND ORDER GRANTING

IFP dated 8/26/2024.

In this pleading plaintiff is asking the court for a ruling that email service is

legal and no court permission is needed. Plaintiff is also introducing Tom

Doud Plaintiff Pro Se P2. P2 lives downstream of the now illegally removed

Pomeroy dam and will soon be affected by annual flooding. P2 and Class
Action members are local stakeholders who have been intimidated and

harassed (29 CFR § 1606.8 (1)) by Defendants from WaterWatch.  In addition, these stakeholders are in immediate threat of flooding now that the Pomeroy dam was illegally removed in August, 2024.Therefore, the identities of the class action members will be withheld until a trial commences, due to their concerns about further threat and harassment from Water Watch. Stakeholder affidavits which contain threatening email from Water Watch employees will be provided at trial.

Your honor, our heartfelt plea is for the Court to stand with Plaintiff and our Class Action members on the side of justice against the violent assaults on the environment outlined in this Complaint.   This complaint contains clear and convincing evidence of Defendants' illegal and willful destruction of the Environment.

It is high time that pretended environmentalists be held accountable for the crimes they commit against the environment in the name of defending the environment. The illegal removal of this dam has and is violating the 7 sacred values entrusted to our state by the Wild and Scenic Rivers Act and we dare not let it go unpunished.  These values are further threatened by the callous unconcern for potential death and destruction of flood victim's no longer protected by the Pomeroy Dam.

TABLE OF AUTHORITIES

1)18 USC 3 accessory after the fact……………………………………20, 32

2) 16 USCA § 1532(19);……………………………………………………5, 14, 20

3) Scott, J. M. & Karl, J. (1999) "Local and national protection of endangered species: An assessment," Environmental Science & Policy, 2, pp. 43-59.

4) 18 U.S. Code § 41 - Hunting, fishing, trapping; disturbance or injury on wildlife refuges…………………………………………………………14,20

5) The Endangered Species Act of 1973, ………………………5, 14, 20
https://www.fws.gov/laws/endangered-species-act/section-11.

6) 18 U.S.C. § 1001 False Statements, Concealment………………29

7) 18 U.S.C. 1621 Perjury……………………………………………29

8) 29 CFR § 1606.8 (1) – Harassment has the purpose or effect of creating an intimidating, hostile or offensive working environment…5, 13, 29, 31, 37

9) 33 U.S.C. §1251 et seq. (1972) Clean water act Section 404…5, 14, 26

10) 28 U.S. Code § 4101……………………………………………………..5

11) 22–451 June 28th, 2024 Loper Bright Enterprises v. Raimondo and Relentless, Inc. v. Department of Commerce.
https://www.supremecourt.gov/opinions/23pdf/22-451_7m58.pdf........6

13) Fed R Civ P 5(d)(3)(C) a complaint does not require a signature if a signature block is present.

14) Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002):  Pagtalunan was Pro Se and made numerous mistakes in filing his complaint resulting in the case being dismissed. However, upon appeal, the higher Court ruled that the lower Court was in error because they did not give allowance for Pagtalunan's lack of legal training……………………………………3

Plaintiff also has lack of legal training and respectfully requests the same

allowance the higher court said Pagtalunan should have received.

15) 33 CFR Part 329 - PART 329—DEFINITION OF NAVIGABLE WATERS OF THE UNITED STATES..............................................11

16) https://usace.contentdm.oclc.org/utils/getfile/collection/p16021coll7/id/20099 Nationwide permits for habitat restoration.

17) https://www.federalregister.gov/documents/2021/01/13/2021-00102/reissuance-and-modification-of-nationwide-permits Reissuance and modification of Nation Wide permits for habitat restoration.

## **JURISDICTION**

Basis for Jurisdiction:

     Basis for Jurisdiction is a federal environmental question. The

Pomeroy Dam was located on the Illinois River which flows from Oregon to California then to the ocean. Therefore, this case has Federal Jurisdiction. An Environmental disaster in the Pomeroy Dam removal has resulted from Water Watch D2 and D3 (D23) willful destruction of the environment in violation of known stipulations and restrictions of the Wild and Scenic Rivers Act and Clean Water Act, Section 404. These are in clear violation of the Federal Clean Air and Federal Clean Water Acts of the U.S. Congress.

This case also includes violations of Federal law in killing fish, including endangered Salmon without permits. Additional violations are: 18 USC 3, 16 USCA § 1532, 18

U.S. Code § 41, Item 3 below, The Endangered Species Act of 1973, 18

U.S.C. § 1001, 18 U.S.C. 621, 18 USC 3, 29 CFR § 1606.8, 28 U.S. Code

§ 4101, 33 U.S.C. §1251, 29 CFR § 1606.8, 28 U.S. Code § 4101, 18

U.S.C. 1743 and FRCP.

This Court has jurisdiction, over the subject matter of this complaint, because the illegal and unlawful actions of D23 have violated Federal Law, to include (Wild and Scenic Rivers Act, PL 90-542), (Clean Water Act), and (Commerce Clause of the Constitution).  D1 Is complicit in these statute violations by providing WW with its contract for dam removal.

Additionally, This Court has jurisdiction, over the subject matter of this Complaint, because of its geographical proximity to the massive environmental damage in the Illinois River basin.

Plaintiff presents this Complaint respectfully reminding the Court to convene this case as an article III, of the U.S. Constitution Court, per the recent US Supreme Court ruling in 11) 2024 Loper Bright Enterprises v. Raimondo and Relentless, Inc. v. Department of Commerce above. Article III, Section 2 of the U. S. Constitution stipulates that "The Judicial Power shall extend to all cases in law and equity, arising under this constitution, the laws of the United States and Treaties, which will be made under the Authority;

- to all cases affecting ambassadors, other public Ministers and Counsels, to controversies to which the United States shall be a party;

- to controversies between two or more states, … between citizens of different states, between a state or the citizens thereof.

First Page, second paragraph, Held: The Administrative Procedure Act requires courts to exercise their independent judgment in deciding whether an agency has acted within its statutory authority, and courts may not defer to an agency interpretation of the law simply because a statute is ambiguous; Chevron is overruled. Pp. 7–35.

(https://www.foleyhoag.com/news-and-insights/publications/alerts-and-updates/2024/july/chevrons-demise-and-what-it-means-for-healthcare-and-life-sciences-companies/ )

Therefore, agencies like the Army Corp of Engineers are no longer permitted to cherry pick data to match their administrative agenda. For example, about 80% of Pomeroy Dam area residents were strongly opposed to the dam being removed, however, they were bullied into signing agreements by threat of legal repercussions. These threats have had a dampening effect on their willingness to take a stand against tyranny by joining this Class Action lawsuit.

## VENUE

Venue is proper **for** this Court because the location of the Court is in the same geographical location as the Illegal act's that are NOW being perpetrated. The Court's location is close to the environmental damage incurred and ongoing, allowing for easy visual inspection.

## STANDING

The Illinois River's right to a wild and scenic condition is actively being violated by D23 and D1 the D23's contractor, and therefore the Public (Plaintifsf and Class action members) have a legal right and duty to speak on behalf of the Illinois River. In addition, the public's right to enjoyment of that condition as mandated by Congress has forever been taken away. Therefore, Plaintiffs have standing. Additionally, this is a class action

complaint with class action members and P2 residing in the Illinois Basin.
.

## **BACKGROUND**

Plaintiff heads a legal team of 3 professionals. One is a 40-year veteran Federal Attorney who is a seasoned expert in the application of Federal and Case law. Another is an investigative journalist who provides research and serves as Legal Editor of all Court Documents. With due respect, these request the Court to reconsider the technical issues on which the former Pleading was dismissed.

Plaintiff filed a class action complaint against the Defendants on August 23rd, 2024 and served them legally. The Court with ECF 5 granted Plaintiffs IFP and dismissed the case for issues which were mostly not issues.

These issues raised by the Plaintiffs for court clarification are:

ECF Page 7

c. Federal Rule of Civil Procedure 4

In summary of the Court ECF5 c. Federal Rule of Civil Procedure 4, Plaintiff says email service needs no court approval. The court recognizes Fed. R. Civ. P. 4(e)(1) and used OR. R. Civ. P. 7(D)(1). However as shown below ORCP 9 (G) says service by email is an appropriate method of service.

# ARGUMENT

Rule 3. Commencing an Action
**A civil action is commenced by filing a complaint with the court.**

1. Rule 5(e) defines what constitutes filing with the court.

2. This rule governs the commencement of all actions, including those brought by or against the United States or an officer or agency thereof, regardless of whether service is to be made personally pursuant to Rule 4(d), or otherwise pursuant to Rule 4(e).

4. This rule provides that the first step in an action is the filing of the complaint. Under Rule 4(a) this is to be followed forthwith by issuance of a summons and its delivery to an officer for service. Other rules providing for dismissal for failure to prosecute suggest a method available to attack unreasonable delay in prosecuting an action after it has been commenced. When a Federal or State statute of limitations is pleaded as a defense, a question may arise under this rule whether the mere filing of the complaint stops the running of the statute, or whether any further step is required, such as, service of the summons and complaint or their delivery to the marshal for service. The answer to this question may depend on whether it is competent for the Supreme Court, exercising the power to make rules of procedure without affecting substantive rights, to vary the operation of statutes of limitations. The requirement of Rule 4(a) that the clerk shall forthwith issue the summons and deliver it to the marshal for service will reduce the chances of such a question arising.

Therefore, by FRCP 3 the filing of the Complaint starts the 21-day clock,

not the Summons. Normally the Summons, after payment of filing fee is

made at the same time as the Complaint "forthwith by issuance of a

summons and its delivery to an officer for service." However, for Plaintiff a

wait for approval for IFP was needed, thus delaying the Summons. Now since the IFP is approved Plaintiff can serve the Defendants the amended complaint and summons at the same time.

Federal Rule 4. Summons

(b) Issuance. On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served.

(c) Service.

(1) In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

(3) By a Marshal or Someone Specially Appointed. At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915 or as a seaman under 28 U.S.C. §1916.

In (c) Service. (1) In General. A summons must be served with a copy of the complaint.

Plaintiffs response;

"In general," can never mean "always." 1C also doesn't say the reverse is true, that a complaint must be served with a summons.

(e) (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or In Oregon ORCP 9 - Service and filing of pleadings and other papers...."

The court uses Or. R. Civ. P. 7(D)(6)(b), However ORCP 9 (G) supersedes ORCP 7. Therefore, Federal Rule 4 (e) (1) defaults to state law. ORCP 9 is service of documents. ORCP 9 (b) ; by e-mail as provided in section G of this rule; Rule 9 (g) "the service may be made by means of e-mail."  No permission is required.

RULE 9

A Service; When Required. Except as otherwise provided in these rules, every order; every pleading subsequent to the original complaint; every written motion other than one that may be heard ex parte; and every written request, notice, appearance, demand, offer to allow judgment, designation of record on appeal, and similar document shall be served on each of the parties. No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 7.

B Service; How Made. Except as otherwise provided in Rule 7 or Rule 8, whenever under these rules service is required or permitted to be made upon a party, and that party is represented by an attorney, the service shall be made on the attorney unless otherwise ordered by the court. Service on the attorney or on a party shall be made by delivering a copy to that attorney or party; by mailing it to the attorney's or party's last known address; by e-mail as provided in section G of this rule;

G Service by E-Mail. Whenever under these rules service is required or permitted to be made on a party, unless the party or the party's attorney is exempted from service by e-mail by an order of the court, the service may be made by means of e-mail. Service is complete under this rule on

confirmation of receipt of the e-mail or, if the receiving party has consented to service by e-mail, on transmission of the e-mail.

Therefore, Plaintiff will serve the amended Complaint and Summons by the

third party email service thelawisyourattorney.com unless the court rules

otherwise.

## **CONCLUSION**

Email service by FRCP 3 and 4 is legal because Federal Rule 4 defaults to

state law for service. Oregon State law ORCP 9 (G) legalizes email service.

Plaintiff will now amend the complaint while waiting the court to reply for

email service.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests the Federal Court to acknowledge

FRCP 3 and 4 as described above and rule such email service is proper.

Does not the court online system use email service as well?

### **Service**

Fed. R. Civ. P. 4(e)". says (e)(1) "following state law for serving

a summons in an action brought in courts of general jurisdiction in the state

where the district court is located or where service is made; However, by

Oregon law email service is allowed. UTCR 8 21.10 (2) explains a

document may be a pleading or many other documents.

Rule 4M states plaintiffs can serve the summons up to 90 days after

the complaint is filed.

# CERTIFICATE OF SERVICE

I hereby certify that on September 3rd, 2024, a true and correct copy of the above document was electronically filed with the Clerk of the Court using CM/ECF. A copy of the document will be served upon interested parties via the Notices of Electronic Filing that are generated by CM/ECF. Additionally, a courtesy copy is being provided as follows:

Attorney for Legal Counsel for D23 defendants

Kaitlin Lovell

Attorney-Advisor

213 SW Ash St., Suite 208

Portland, OR 97204

213 SW Ash St., Suite 208

Portland, OR 97204

(503) 295-4039

info@waterwatch.org



Janette Brimmer

jbrimmer@earthjustice.org

Molly Tack-Hooper

mtackhooper@earthjustice.org

mitt@dietrichconst.com

info@riverdesigngroup.com



\_\_\_ Via hand delivery
\_\_\_ Via U.S. Mail, 1st Class, Postage Prepaid
\_\_\_ Via Overnight Delivery
\_\_\_ Via Facsimile
XX Via Email
XX Via CM/ECF notification
to the extent registered DATED: September 3rd, 2024.
By: David White

*[signature]*

David C. White September 3rd, 2024