IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DAVID WHITE**, an individual; and **TOM DOUD**, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>**SUSANA DIETRICH**, an individual; **MARY LOU SOSCIA**, an individual; **BRYAN SOHLIN**, an individual; **NEIL BRANDT**, an individual; and **MELANIE KYLM**, an individual,<br><br>Defendants. | Case No. 1:24-cv-01395-IM<br><br>**ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE** |

David White, 18965 NW Illahe St., Portland, OR 97229. Pro se.

**IMMERGUT, District Judge.**

      This matter is before this Court on Plaintiff David White's Application to Proceed In Forma Pauperis, ECF 12, his First Amended Complaint ("FAC"), ECF 11, and his Motion for No Consent to Rule 73(B), ECF 13. Plaintiff's application to proceed in forma pauperis has already been granted, ECF 5, and his renewed application is therefore dismissed as moot. For the

PAGE 1 –ORDER DISMISSING COMPLAINT WITH PREJUDICE

reasons below, this Court dismisses Plaintiff's First Amended Complaint with prejudice. *See* 28 U.S.C. § 1915(e)(2); Fed. R. Civ. P. 8(a). His motion declining to consent to the jurisdiction of a magistrate judge, ECF 13, proposed motion for default judgment, ECF 14, and motion for summary judgment, ECF 15, are dismissed as moot.

## STANDARDS

A complaint filed in forma pauperis shall be dismissed at any time if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (alteration in original) (internal quotation marks and citation omitted). Although pro se pleadings are construed liberally, *see Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013), a pro se plaintiff still must present factual allegations sufficient to state a plausible claim for relief. *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010).

A pro se plaintiff's complaint may be dismissed with prejudice when the court concludes that further amendment would be futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Futility exists where "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018). The standard for futility is the same as that for a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Robillard v. Opal Labs, Inc.*, 337 F. Supp. 3d 962, 969 (D. Or. 2018). The

court's discretion to deny leave to amend is particularly broad in a case in which it has already granted leave to amend. *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

## BACKGROUND

This litigation arises from the removal of the Pomeroy Dam, located on the Illinois River in Josephine County, Oregon. Plaintiff alleges that the removal of the dam was done "without any legally obtained permits" and that the dam's removal has caused the death of fish. FAC, ECF 11 at 7.

Plaintiff filed his initial complaint on August 23, 2024. ECF 1. On August 26, 2024, this Court dismissed that complaint under 28 U.S.C. § 1915(e)(2)(B). ECF 5. This Court concluded that several of Plaintiff's claims were brought pursuant to federal statutes that did not create a private right of action. *Id.* at 4–5. This Court also concluded that Plaintiff had failed to establish standing to bring his claims. *Id.* at 5–7. Finally, this Court concluded that Plaintiff had failed to state a claim on which relief could be granted. *Id.* at 9–10.

Plaintiff filed his amended complaint on September 15, 2024. ECF 11. His amended complaint largely asserts claims for relief under the same statutes he identified in his prior complaint. *Id.* at 6–7, 11.

## DISCUSSION

Because Plaintiff is proceeding in forma pauperis, this Court screens the amended complaint prior to receiving a response from Defendants pursuant to 28 U.S.C. § 1915(e)(2). This statute "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). In addition, dismissal may be appropriate if a complaint violates Rule 8 of the Federal Rules of Civil Procedure. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

This Court concludes that the amended complaint should be dismissed for failure to state a claim. Even liberally construed, Plaintiff's amended complaint does not state a claim. Plaintiff seeks relief under a broad array of federal statutes. Many of those statutes are wholly irrelevant to this action. None of them permit Plaintiff to obtain the relief he seeks. This Court further concludes that Plaintiff's amended complaint fails to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Because this Court concludes that further amendment would be futile, it will dismiss this action with prejudice.

**A. Federal Rule of Civil Procedure 8**

Before screening Plaintiff's amended complaint pursuant to § 1915(e)(2)(B), this Court will assess whether Plaintiff's amended complaint complies with Federal Rule of Civil Procedure 8(a). Under this rule, a complaint, in order to be viable, must contain a short and plain statement demonstrating the court's jurisdiction, a short and plain statement of the claim demonstrating that the plaintiff is entitled to relief, and a demand for relief. Fed. R. Civ. P. 8(a)(1)–(3). A complaint that is "verbose, confusing and almost entirely conclusory" violates this Rule. *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

Plaintiff's amended complaint fails to meet this standard. Despite having an opportunity to amend his complaint, Plaintiff fails to clearly allege the bases for his claims and fails to allege facts sufficient to state a plausible claim. Although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief. *Hebbe*, 672 F.3d at 341–42. This Court previously cautioned Plaintiff that he should "limit any amended complaint to factual allegations" and "link the factual allegations to specific defendants." Order Dismissing Complaint, ECF 5 at 9–10. Plaintiff's amended complaint fails to correct these problems. Instead, it primarily consists of conclusory and tangled accusations of liability rather than a short and plain statement of the facts. Because the amended complaint fails to specify

"which wrongs were committed by which defendants," it does not satisfy Rule 8. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). As discussed below, Plaintiff's complaint also fails to state a claim under any of the statutes it cites.

## B. Screening Pursuant to 28 U.S.C. § 1915(e)(2)

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). While the complaint need not contain "detailed factual allegations," it must "provide the grounds of [the plaintiff's] entitlement to relief, which "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007) (cleaned up). Plaintiff's amended complaint fails to adequately plead any of its claims.

### 1. Violations of Federal Environmental Statutes

Plaintiff alleges that the Defendants have violated the Wild and Scenic Rivers Act, the Endangered Species Act, and the Clean Water Act. Plaintiff does not state any plausible claim against any of the Defendants. The complaint merely levels summary assertions that the Defendants violated these laws and cites various environmental statutes, some of which have no apparent application to this case or to the named Defendants.

#### a. Wild and Scenic Rivers

Plaintiff alleges that Defendants have violated the Wild and Scenic Rivers Act ("WSRA"), 16 U.S.C. § 1271–1287, by removing the Pomeroy Dam. Plaintiff does not specify how the removal violated the WSRA or identify any specific provision of the WSRA that Defendants allegedly violated. Instead, he generally claims that removal of the dam led to "willful destruction of the environment in violation of known stipulations and restrictions" of the law. FAC, ECF 11 at 10.

As a preliminary matter, this Court notes that the only segment of the Illinois River included in the national Wild and Scenic Rivers System runs "from the boundary of the Siskiyou National Forest downstream to its confluence with the Rogue River.". 16 U.S.C. § 1274(a)(54). The Pomeroy Dam is located upstream of this portion of the river.[1] This Court also notes that the WSRA protects "free-flowing" rivers and streams, 16 U.S.C. § 1271, which it defines as streams "free of impoundments." *Id.* § 1273(b). This language appears to disqualify a portion of a river that contains a dam from "wild" or "scenic" status.[2]

In any event, the WSRA does not provide for a private right of action. *Ctr. for Biological Diversity v. Veneman*, 394 F.3d 1108, 1110 (9th Cir. 2005). While this Court may review federal agency action, inaction, or unreasonable delay under the Administrative Procedure Act, 5 U.S.C. § 702, such review is limited to reviewing the actions of federal agencies. *See id.* § 701(b)(1). Plaintiff's amended complaint does not list any federal agency or government official among the defendants. FAC, ECF 11 at 1-2. Plaintiff therefore cannot state a claim under the WSRA. Because there is no private right of action, further amendment would be futile. This Court will accordingly dismiss this claim with prejudice.

---

[1] The relative locations of the dam and Forest boundary are described in the Illinois River study report. U.S. Dep't of Agric. Forest Serv., A Proposal: Illinois Wild and Scenic River (1976), https://perma.cc/KPV5-AMP5 [hereinafter "Study Report"]. This Court takes judicial notice of the Study Report as a publicly available government publication, the accuracy of which cannot reasonably be questioned. *See* Fed. R. Evid. 201.

[2] See Study Report, *supra* note 1, at 29–30 (noting the portion of the Illinois River containing the Pomeroy Dam could only qualify for "recreational" status under the WSRA). The removal of an impoundment like the Pomeroy Dam would therefore advance the purpose of the WSRA, rather than undermining it. This language also means that Plaintiff's requested relief, an injunction permitting Plaintiff to restore the river "back to its Original Wild and Scenic condition with dams," is not available under the WSRA. A river in its original "wild" and "scenic" condition, as those terms are defined in the WSRA, does not and cannot contain dams. *See* 16 U.S.C. § 1271.

### b. Endangered Species Act

Plaintiff alleges that Defendants have engaged in the unlawful take of endangered salmon in violation of the Endangered Species Act ("ESA"). FAC, ECF 11 at 10–11, 27; *see also* FAC, ECF 11, Ex. 5 ("more images of dead fish etc.").

Before considering the merits, this Court must examine whether Plaintiff provided sufficient notice of his claim under the ESA. The ESA contains a broad citizen-suit provision, allowing "any person [to] commence a civil suit" for any violation of the Act. 16 U.S.C. § 1540(g)(1); *see Klamath-Siskiyou Wildlands Ctr. v. MacWhorter*, 797 F.3d 645, 647 (9th Cir. 2015). Despite this broad language, however, the Act prohibits an action by a private citizen unless the plaintiff provides written notice of the alleged violation to the Secretary of the Interior and to the alleged violator. 16 U.S.C. § 1540(g)(2)(A)(i). The plaintiff must allow sixty days to elapse before filing suit. *Id.* This notice requirement is a "mandatory claims-processing rule." *Cascadia Wildlands v. Scott Timber Co.*, 105 F.4th 1144, 1153 (9th Cir. 2024).

To satisfy the ESA notice requirement, a plaintiff, "[a]t a minimum," must "provide sufficient information of a violation so that the [notified parties] could identify and attempt to abate the violation." *Sw. Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 522 (9th Cir. 1998) (citing *Pub. Int. Rsch. Grp. v. Hercules, Inc.*, 50 F.3d 1239, 1249 (3d Cir. 1995)). Whether a plaintiff has satisfied this requirement depends on the "overall sufficiency" of the notice and whether, in light of their behavior, the recipients "understood or reasonably should have understood the alleged violations." *Klamath-Siskiyou Wildlands Ctr.*, 797 F.3d at 651 (internal quotation marks omitted).

Plaintiff's amended complaint does not demonstrate compliance with the 60-day notice requirement. His complaint does not allege or in any way suggest that he served the Secretary of the Interior with written notice at least sixty days before he commenced this action. Likewise,

although his complaint suggests he has attempted to directly communicate with at least some of the named defendants, FAC, ECF 11 at 17, the notice he provided as described in his complaint does not identify with specificity the ESA violation, instead merely asserting that the named defendants have violated the ESA. *See id.* at 19. This notice is insufficient to satisfy the ESA's notice requirement.

Plaintiff's amended complaint also fails to state an ESA claim on the merits. Under the ESA, it is unlawful to "harass, harm, pursue, hunt shoot, wound, kill, trap, capture or collect" a protected species. 16 U.S.C. §§ 1538(a)(1)(B), 1532(19). Habitat modification that impairs essential behavior patterns can constitute a take under the ESA. *See Marbled Murrelet v. Babbitt*, 83 F.3d 1060, 1065–66 (9th Cir. 1996). Plaintiff's theory appears to be that turbidity caused by the removal of the dam lead to the deaths of endangered salmon. *See* FAC, ECF 11 at 33. But Plaintiff does not sufficiently allege facts establishing a taking under the ESA. His allegations do not state how much (if at all) removing the dam increased water turbidity, how many fish died as a result of the increase, or how the habitat modification otherwise impairs behavioral patterns. These sparse allegations are insufficient to state an ESA claim.

Given Plaintiff's failure to meet the notice deadline, his failure to make sufficient factual allegations supporting his claim, and his failure to substantially refine this claim in his amended complaint, this Court concludes that further amendment would be futile. This Court will accordingly dismiss this claim with prejudice.

### c. Clean Water Act

Plaintiff alleges that Defendants have violated Section 404 of the Clean Water Act by removing the Pomeroy Dam without obtaining a permit for the discharge of dredged or fill

material into waters of the United States. Plaintiff alleges that Defendant's permits were withdrawn in March of 2024. FAC, ECF 11 at 16.

But Plaintiff acknowledges that Defendants' activities may be covered by a nationwide permit. FAC, ECF 11 at 16. Plaintiff's complaint provides a hyperlink to Nationwide Permit 27, which authorizes "aquatic habitat restoration, enhancement, and establishment activities." Nationwide Permit 27, https://perma.cc/877S-Y2H4; Reissuance and Modification of Nationwide Permits, 86 Fed. Reg. 73,522, 73,541–49 (Dec. 27, 2021). Plaintiff asserts that this permit is "for habitat restoration only" and cannot encompass dam removal. FAC, ECF 11 at 16. But by its own terms, Nationwide Permit 27 authorizes "removal . . . of small water control structures, . . . as well as discharges of dredged or fill materials to restore appropriate stream channel configurations after small water control structures . . . are removed." A small dam may qualify as a "small water control structure," and Plaintiff offers no argument—other than the cursory assertion that dam removal is not "habitat restoration"—as to why this permit would not encompass the dam removal he seeks to challenge. This Court concludes that further amendment would be futile and accordingly dismisses this claim with prejudice.

**2. Other Allegations**

Plaintiff alleges that Defendants have violated an array of federal criminal statutes, including 18 U.S.C. §§ 3, 41, 621, 1001, 1621, and 1743. As this Court previously explained to Plaintiff, federal criminal statutes do not create a private right of action that would allow Plaintiff to bring a civil lawsuit. Order Dismissing Complaint, ECF 5 at 4–5; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). This Court cautioned Defendant that, if included in an amended complaint, these claims would be dismissed with prejudice. Order Dismissing Complaint, ECF 5 at 5. Plaintiff has nonetheless chosen to reassert these claims. These claims will therefore be dismissed with prejudice.

Plaintiff alleges that Defendant has violated 29 C.F.R. § 1606.8. This is an Equal Employment Opportunity Commission guideline that defines an employer's obligation to maintain a work environment free of harassment on the basis of an employee's national origin. Plaintiff contends that Defendants have violated this regulation by harassing unnamed "local stakeholders," FAC, ECF 11 at 2, and because counsel for Defendants emailed Plaintiff to request that he communicate with represented parties through counsel. *Id.* at 18. Plaintiff does not allege that Defendants are employers or that he is employed by Defendants,[3] nor does he allege workplace harassment on the basis of his national origin. This claim is baseless and further amendment would be futile. This Court will accordingly dismiss this claim with prejudice.

Plaintiff alleges without explanation that Defendants have violated 28 U.S.C. § 4101. This statute defines terms used in chapter 181 of Title 28, which governs the recognition and enforcement of foreign defamation judgments. *See* 28 U.S.C. § 4102. Plaintiff does not seek to have a foreign defamation judgment recognized or enforced, and does not allege that such a judgment is being enforced against him. This claim is baseless and further amendment would be futile. This Court will accordingly dismiss this claim with prejudice.

## C.  Dismissal of Action With Prejudice

This Court previously granted Plaintiff leave to amend his complaint. This Court now concludes that further amendment of each of Plaintiff's claims would be futile. *See Cervantes*, 656 F.3d at 1041; *Chodos*, 292 F.3d at 1003. This is Plaintiff's second effort to craft a viable complaint. This Court previously notified Plaintiff of the deficiencies in his pleadings and advised him how to correct them. Order Dismissing Complaint, ECF 5. His "repeated failure to cure deficiencies by amendments previously allowed" suggests further leave to amend would not

---

[3] Plaintiff's IFP application states that he is retired. ECF 12.

produce meaningful progress toward stating a claim. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008) (internal quotation marks omitted). This Court will accordingly dismiss this action with prejudice.

## CONCLUSION

Plaintiff's First Amended Complaint, ECF 11, is DISMISSED with prejudice. Plaintiff's application for leave to proceed in forma pauperis, ECF 12, Motion for No Consent to Rule 73(b), ECF 13, Motion for Default Judgment, ECF 14, and Motion for Summary Judgment, ECF 15, are DISMISSED as moot. Plaintiff's in forma pauperis status is REVOKED.

**IT IS SO ORDERED.**

DATED this 26th day of September, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge